# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION** |
| | ) | **FOR RECONSIDERATION** |
| v. | ) | |
| | ) | |
| Donovan Tyese Baker-Davis, | ) | Case No.: 1:23-cr-00209 |
| | ) | |
| Defendant. | ) | |

On April 2, 2024, Defendant filed a *Motion for Release from Custody*. (Doc. No. 180). Defendant advised he has been accepted into North Dakota Adult and Teen Challenge ("Teen Challenge") in Mandan, North Dakota, and requests the court release him to reside there for treatment.

On April 4, 2024, the court denied Defendant's motion without prejudice due to outstanding warrants. (Doc. No. 182). The court advised Defendant that upon resolution of his outstanding warrants, he could renew his motion.

On April 15, 2024, Defendant filed a *Motion for Reconsideration*. (Doc. No. 185). Defendant advised all outstanding warrants in North Dakota have been resolved and requested the court reconsider its order denying release from custody.

A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such persons as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

A placement of Defendant at Teen Challenge was not available to Defendant at the time of his detention hearing and has a material bearing on the issue of detention. The court finds a

placement of Defendant at Teen Challenge with additional conditions will reasonably assure both his appearance and the safety of the community. Accordingly, the court **GRANTS** Defendant's motion. (Doc. No. 185). Defendant shall be released no earlier than 8:00 AM on April 29, 2024, to his mother, Cassandra Davis, for immediate transport to Teen Challenge. Defendant's release shall be subject to the following conditions:

1) Defendant must not violate federal, state, tribal, or local law while on release.

2) Defendant must appear in court as required and must surrender to serve any sentence imposed.

3) Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer. Defendant shall contact Pretrial Officer Skylar Soupir at 701-530-2416 immediately upon arrival at Teen Challenge.

4) Except upon prior approval from the Pretrial Services Officer, Defendant's travel is restricted to North Dakota.

5) Defendant shall refrain from any use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner; any use of medical marijuana; and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test result.

6) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

7) Defendant shall not knowingly or intentionally have any direct or indirect contact with witnesses, or codefendants, except that counsel for Defendant, or counsel's agent or

authorized representative, may have such contact with such persons, as is necessary in the furtherance of Defendant's legal defense.

8) Defendant shall undergo a substance abuse and/or mental health evaluation if required by the Pretrial Services Officer and comply with resulting counseling or treatment recommendations.

9) Defendant shall reside at Teen Challenge and shall participate in the center's programs and abide by its rules and regulations.

10) Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from the treatment facility OR to communicate with facility staff about Defendant's progress in the program.

Any passes allowed by the treatment facility must be approved by the Pretrial Services Officer.

If for any reason Defendant is terminated from the treatment program, Defendant must immediately surrender to the custody of the Untied States Marshal.

At least 96 hours prior to anticipated completion of the treatment program, Defendant must advise the Pretrial Services Officer of Defendant's anticipated completion date so the Court may schedule a hearing to review Defendant's release status.

11) Defendant shall submit Defendant's person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of pretrial release. Defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition. The Pretrial Services Officer may conduct a search under this condition only when reasonable suspicion exists that Defendant has violated a condition of

release and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

12) Defendant shall not obtain a passport and other foreign travel document(s).

13) Defendant must report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

**IT IS SO ORDERED.**

Dated this 16th day of April, 2024.

                                                       */s/ Clare R. Hochhalter*
                                                      Clare R. Hochhalter, Magistrate Judge
                                                      United States District Court